UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JEFFERSON PARISH HOSPITAL SERVICES DISTRICT NO. 2, PARISH JEFFERSON, STATE OF LOUISIANA, D/B/A EAST JEFFERSON GENERAL HOSPITAL | * | CIVIL ACTION |
| VERSUS | * | NO. 05-5260 |
| DEFINITY HEALTH OF NEW YORK, INC. | * | SECTION "B" |

### ORDER AND REASONS

For the following reasons, IT IS ORDERED that Plaintiff's Motion to Remand be **GRANTED** (Rec. Doc. No. 3), and that this instant action be remanded to state court.

### Background

This matter arises out of medical services the Plaintiff, Jefferson Parish Hospital Service District No. 2, Parish of Jefferson, State of Louisiana, East Jefferson General Hospital ("East Jefferson"), provided to Mr. Benjamin C. Moise from December 1, 2004 through December 4, 2004. (Rec. Doc. No. 3 at 1-2). On July 22, 2005, East Jefferson filed suit against Defendant, Definity Health of New York, Inc. ("Definity Health"), asserting failure to pay an open account and tortious misrepresentation/detrimental reliance under Louisiana state law. (Rec. Doc. No. 3). On November 3, 2005, Definity Health removed

1

this lawsuit to federal court based on federal question jurisdiction. (Rec. Doc. No. 1).

### Law and Analysis

#### Standard for Remand to State Court

Federal district courts have jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Whether a claim arises under federal law must be determined by referring to the "well-pleaded complaint." Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 808(1986) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 9-10 (1983)); Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001). Because a defendant may remove a case to federal court only if the claims could have been brought in federal court, "the question for removal jurisdiction must also be determined by reference to the well-pleaded complaint." Merrell Dow, 478 U.S. at 808 (citation omitted). Under the well-pleaded complaint rule, the federal question must appear on the face of the complaint. See Torres v. Southern Peru Copper Corp., 113 F.3d 540, 542 (5th Cir.1997). There is an exception, however, where the area of law is preempted by federal legislation. See Dorsey v. Money Mack Music, Inc., 304 F. Supp.2d 858(E.D. La., 2003).

Removal jurisdiction must be strictly construed because it "implicates important federalism concerns." Frank v. Bear Stearns & Co., 128 F.3d 919, 922 (5th Cir. 1997). The burden of establishing federal jurisdiction is on the party seeking removal.

2

<u>Willy v. Coastal Corp.</u>, 855 F.2d 1160, 1164 (5th Cir.1988). In addition, any doubts about removal must be construed against removal and in favor of remanding the case back to state court. <u>See</u> <u>Vasquez v. Alto Bonito Gravel Plant Corp.</u>, 56 F.3d 689, 694 (5th Cir.1995).

**Preemption under ERISA**

In this case, Plaintiff-East Jefferson filed suit against Definity Health based on state law causes of action, failure to pay on an open account and tortious misrepresentation/detrimental reliance. No federal claims were plead in the initial complaint. (See Rec. Doc. No. 3 Ex "B"). Plaintiff denies Defendant's initial assertion that East Jefferson alleged liability on the basis of an assignment of benefits or as a participant or beneficiary of an ERISA plan. (Rec. Doc. No. 3).[1] In Defendant's Motion in Opposition to Plaintiff's Motion to Remand, Defendant asserts that ERISA's civil enforcement provision preempts plaintiff's La. R.S. 22:657 state law claim. Defendant cites section 502(a)(1)(B) of ERISA as the provision that governs Plaintiff's claim,[2] arguing that Plaintiff's claim is, therefore, completely preempted. (Rec. Doc. No. 4 at 2-3).

---

[1] Defendant makes this argument in the Notice of Removal. (Rec. Doc. No. 1).

[2] In pertinent part, ERISA § 502(a)(1)(B) provides:
    (a) A civil action may be brought
        (1) by a participant or beneficiary
            (B) to recover benefits due him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan. . . .
28 U.S.C. § 1132.

Under the doctrine of complete preemption, state law claims are re-characterized as federal claims regardless of how they are pled. McClelland v. Gronwaldt, 155 F.3d 507, 512 (5th Cir. 1998). Complete preemption converts "an ordinary state common law complaint" into one seeking federal relief. Id. (quoting Metropolitan Life Ins. v. Taylor, 481 U.S. 58 (1987)). In cases where the plaintiff's claims are completely preempted, the allegations are recast as federal claims, which give rise to federal question jurisdiction that makes the matter removable to federal court. Id.

The United States Supreme Court has held that state law claims that fall within the preemptive scope of ERISA's civil enforcement provision, § 502(a), 29 U.S.C. § 1132, are completely preempted. Metropolitan, 481 U.S. at 66-67. Thus, a state law contract or tort claim that falls within the scope of § 502(a) is "recast" as a federal claim and is thus removable. McClelland, 155 F.3d at 517. Thus, the question of whether plaintiff's case is removable turns on whether complete preemption under § 502(a) applies to East Jefferson's claim.

Definity Health incorrectly cites Taylor v. Blue Cross/Blue Shield of New York, 684 F.Supp. 1352, 1359 (E.D.La. 1988) for the position that ERISA preempts La. R.S. 22:657. (Rec. Doc. No. 4 at 4). In Taylor, the court held that La. R.S. 22:657 was preempted by ERISA and thus the court had federal jurisdiction over plaintiff's claims. Id. Defininty Health failed to mention or cite Arana v. Ochsner health Plan, Inc. (Arana I), 302 F.3d 462, 473-474

4

(5th Cir. 2002), overruled on other grounds by <u>Arana v. Ochsner Health Plan, Inc.</u>, 338 F.3d 433 (5th Cir. 2003), which plainly overruled the holding of <u>Taylor</u>. The issue before the Fifth Circuit in <u>Arana I</u> was whether ERISA completely preempted La. R.S. 22:657. <u>Id.</u> The court stated:

> Almost all of the cases addressing the issue hold that 22:657 is subject to ordinary preemption under ERISA section 514. Notably, many of these cases specifically find that 22:657 is preempted because it creates an alternative remedy that is not authorized under ERISA's civil enformcement scheme. The fact that state law conflicts with ERISA, and thus arguably is subject to ordinary preemption, does not authorize removal to federal court.

<u>Agana I</u>, 302 F.3d at 473, overruled on other grounds by <u>Agana v. Ochsner Health Plan, Inc.</u>, 338 F.3d 433 (5th Cir. 2003). The court, specifically citing <u>Taylor</u>, found that the district court "overlooked this fundamental point of law." <u>Id.</u> The court denied subject matter jurisdiction on that issue.

Furthermore, Defendant has not raised any policy provision regarding penalties or untimely payment that appears to conflict with La. R.S. 22:657. See <u>Memorial Hospital System v. Northbrook Life Insurance Company, et al</u>, 904 F.2d 236, 245-248 (5th Cir. 1990)("We are also unpersuaded that preemption in this case would further the congressional goal of protecting the interests of employees and their beneficiaries in employee benefit plans."). As such, Plaintiff's claim under La. R.S. 22:657 do not fall within the purview of complete preemption under ERISA § 502(a).

Moreover, East Jefferson seeks to recover penalties and

5

attorneys fees after the hospital's claims were partially paid. (Rec. Doc. No. 3 at 2). Defendant does not dispute the claim amount, in part or in whole. Accordingly, it cannot be argued that Plaintiff is seeking "to recover benefits due under the plan" because Mr. Moise's benefits have already been partially paid and Defendant has not challenged the propriety of the payment. See (Rec. Doc. No. 4). In addition, Defendant's arguments against remand do not address Plaintiff's claims beyond La. R.S. 22:657.

Therefore, East Jefferson's claims are not completely preempted under ERISA and this court does not have subject matter jurisdiction over Plaintiff's claims.

## CONCLUSION

Due to the ongoing developments in preemption-related litigation, Plaintiff's motion for attorney fees is **DENIED**. Defendant's motion of removal was neither unreasonable nor taken in bad faith.

New Orleans, Louisiana, this 4th day of January, 2006.

IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE